UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THE PRINCIPRIN SCHOOL, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:26-CV-01734 |
| | § | |
| PHILADELPHIA INDEMNITY | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| *Defendant*. | § | |

## DEFENDANT PHILADELPHIA INDEMNITY INSURANCE COMPANY'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, Defendant Philadelphia Indemnity Insurance Company ("PIIC") hereby removes this action styled and numbered *The Principrin School, Inc. v. Philadelphia Indemnity Insurance Company*, Cause No. 2026-04363, pending in the 333rd Judicial District for Harris County, Texas to the United State District Court for the Southern District of Texas, Houston Division. For the reasons set forth below, removal of the state court action is proper under 28 U.S.C. §§ 1332, 1441, and 1446:

### I.
### INTRODUCTION

1. This lawsuit arises out of Plaintiff The Principrin School, Inc.'s ("Principrin" and/or "Plaintiff") claim for coverage under an insurance policy issued by PIIC to Plaintiff for wind damage purportedly sustained to Plaintiff's property located at 2931 West 12th Street, Houston, Texas 77008 (the "Property") allegedly occurring on or about May 16, 2024.

2. Plaintiff commenced this action on January 21, 2026 by filing its Original Petition (the "Petition") in the 333rd Judicial District Court of Harris County, Texas—Cause No. 2026-04363.[1]

3. PIIC was served with a copy of its Petition on February 3, 2026.[2] Accordingly, PIIC files this Notice of Removal within the 30-day time frame required by 28 U.S.C. § 1446(b).

4. Plaintiff's Petition names PIIC as the only defendant in this action.[3]

5. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, PIIC will give written notice of the removal to Plaintiff through its attorney of record and to the clerk of the 333rd Judicial District Court of Harris County, Texas.

## II.
## BASIS FOR REMOVAL

6. Venue is proper in the United States District Court for the Southern District of Texas, Houston Division under 28 U.S.C. §§ 124(d)(3) and 1441(a) because this district and division embrace the place in which the removed action has been pending.

7. Removal is proper under 28 U.S.C. § 1332(a) if there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest, costs, and attorneys' fees. For the reasons set forth below, these two conditions are clearly satisfied in this matter.

---

[1] *See* Pl.'s Original Pet., attached as **Exhibit C-1**.

[2] *See* Service of Process, attached as **Exhibit C-2**.

[3] *See* Ex. C-1, Pl.'s Original Pet.

**A. Removal is Proper Because Complete Diversity of Citizenship Exists Between Plaintiff and PIIC.**

8. As set forth in Plaintiff's Petition, Principrin is a citizen of the State of Texas.[4] Plaintiff is thus a citizen of Texas for diversity jurisdiction purposes.

9. PIIC is now and was at the commencement of this action a Pennsylvania corporation with its principal place of business in Pennsylvania. Therefore, PIIC is a citizen of Pennsylvania for diversity jurisdiction purposes.

10. Based on the foregoing, there is now, and was at the time this action was filed, complete diversity of citizenship between Plaintiff and PIIC for purposes of this Court's diversity jurisdiction.

**B. Removal is Proper Because Plaintiff's Claimed Damages Exceed This Court's Jurisdictional Threshold of $75,000.**

11. If it is facially apparent that Plaintiff's claims exceed $75,000, PIIC's burden to establish that the amount in controversy exceeds this Court's jurisdictional threshold is satisfied. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). When removal is premised upon diversity jurisdiction and the parties dispute whether the amount in controversy exceeds $75,000, courts must determine the amount in controversy in light of "the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *See also* 28 U.S.C. § 1332(a).

12. First, the district court must examine the petition to determine whether it is "facially apparent" that the claims exceed the minimum jurisdictional requirement. *See St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). If it is not apparent, then the court may rely on "summary judgment-type" evidence to determine the amount in controversy. *Id.* Additionally,

---

[4] *See id.*

"penalties, statutory damages, punitive damages, and attorney's fees are included in the amount in controversy. . . . Similarly, exemplary damages allowed by state statute are encompassed in the amount in controversy." *Perez v. Root Ins. Co.*, No. 5-22-CV-01060-FB-RBF, 2023 WL 2776766, at *2 (W.D. Tex. Mar. 17, 2023), report and recommendation adopted, No. SA-22-CA-1060-FB, 2023 WL 2775164 (W.D. Tex. Apr. 3, 2023) (including consequential damages, punitive damages, exemplary damages, and attorneys' fees in calculation to conclude that jurisdictional amount was met); *Curran v. Safeco Ins. Co. of Ind.*, No. 4:23-CV-1057, 2024 WL 69064, at *3 (E.D. Tex. Jan. 5, 2024) ("Amount-in-controversy calculations in insurance claim cases include 'penalties, statutory damages, and punitive damages.'") (quoting *St. Paul Reins. Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)).

13. Here, Plaintiff's Petition states that Plaintiff "is seeking monetary relief between the range of $250,000 and $1,000,000."[5] Accordingly, the minimum amount in controversy is at least $250,000.00. It is thus facially apparent that Plaintiff's claims exceed this Court's jurisdictional threshold of $75,000.

### III.
### COMPLIANCE WITH 28 U.S.C. § 1446

14. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be given to all adverse parties promptly after filing, and PIIC will promptly file a copy of this Notice of Removal with the clerk of the state court where the action is pending.

15. As required by 28 U.S.C. § 1446(a), a copy of each of the following are attached to (or filed with) this Notice of Removal:

    a. An index of matters being filed, attached as Exhibit A;

---

[5] *Id.* at p.2.

    b.  State Court Docket Sheet, attached as <u>Exhibit B</u>;

    c.  All executed process and pleadings asserting causes of action and answers to such pleadings (if any), attached as <u>Exhibits C-1, C-2, and C-3</u>;

    d.  List of all counsel of record, attached as <u>Exhibit D</u>

    e.  Civil Cover Sheet, attached as <u>Exhibit E</u>;

## IV.

## JURY DEMAND

16.    Plaintiff demanded a jury trial in its Petition.[6]

## V.

## CONCLUSION

17.    Plaintiff's claims plainly exceed the minimum jurisdictional requirement of $75,000.00. Because there is complete diversity between Plaintiff and PIIC (the only named parties) and because the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a). Therefore, removal is proper.

## PRAYER

WHEREFORE, Defendant Philadelphia Indemnity Insurance Company requests that this action be removed from the 333rd Judicial District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division, and that this Court enter such further orders as may be necessary and appropriate.

*{signature page follows]*

---

[6]  *Id.* p.11.

Respectfully submitted,

By: */s/ Brandt R. Johnson*
    Brandt R. Johnson
    (Attorney-In-Charge)
    Texas Bar No. 00794030
    Federal ID No. 369893
    bjohnson@zellelaw.com

**ZELLE LLP**
901 Main Street, Suite 4000
Dallas, TX 75202-3975
Telephone:    214-742-3000
Facsimile:    214-760-8994

**OF COUNSEL:**

William Scott Keffer
Texas Bar No. 24114753
Federal ID No. 3946848
skeffer@zellelaw.com

**ZELLE LLP**
901 Main Street, Suite 4000
Dallas, TX 75202-3975
Telephone:    214-742-3000
Facsimile:    214-760-8994

**ATTORNEYS FOR DEFENDANT
PHILADELPHIA INDEMNITY INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

    A true and correct copy of the foregoing has been served on all counsel of record in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on March 3, 2026:

Erik Walker
Texas Bar Number: 00792104
Erik.Walker@thelawgicakfirm.com
Brandon Arrow
Texas Bar Number: 24120435
Brandon.Arrow@thelawgicakfirm.com
**THE LAWGICAL FIRM, P.A.**
504 W. 38th Street
Austin, TX 78705
Telephone:     832-871-5995
Facsimile:     407-487-4441
ServiceTX@thelawgicalfirm.com

**ATTORNEYS FOR PLAINTIFF
THE PRINCIPRIN SCHOOL, INC.**

                                                          */s/ Brandt R. Johnson*
                                                          Brandt R. Johnson