# EXHIBIT C-3

2/27/2026 2:22 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 111819918
By: Melanie Rosa
Filed: 2/27/2026 2:22 PM

CAUSE NO. 2026-04363

| | | |
|---|---|---|
| THE PRINCIPRIN SCHOOL, INC., | § § | IN THE JUDICIAL DISTRICT |
| *Plaintiff*, | § § | |
| v. | § § | |
| | § | 333RD DISTRICT COURT |
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, | § § § | |
| *Defendant*. | § § | HARRIS COUNTY, TEXAS |

**DEFENDANT PHILADELPHIA INDEMNITY INSURANCE COMPANY'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Philadelphia Indemnity Insurance Company ("PIIC") hereby files this Original Answer and Affirmative Defenses to Plaintiff The Principrin School, Inc.'s ("Principrin" and/or "Plaintiff") Original Petition and would respectfully show the Court as follows:

## I.
## GENERAL DENIAL

1. Pursuant to Rule 92 of the Texas Rules of Civil Procedure, PIIC generally denies each and every allegation contained in Plaintiff's Original Petition and demands strict proof thereof. By this general denial, PIIC demands Plaintiff prove every fact in support of its claims for breach of contract, breach of the duty of good faith and fair dealing, violations of Chapters 541 & 542 of the Texas Insurance Code and of the Texas Deceptive Trade Practices Act, and gross negligence by a preponderance of the evidence. By this general denial, PIIC further demands Plaintiff prove every fact in support of his exemplary damages claim(s) by clear and convincing evidence.

## II.
## DENIAL OF CONDITIONS PRECEDENT

2. PIIC specifically denies that Plaintiff has satisfied all conditions precedent to the recovery it seeks in this lawsuit.

### *Loss During the Policy Period*

3. The insurance policy at issue (the "Policy") applies only to loss that occurs during the policy period. Plaintiff's claims are therefore barred to the extent that any part of the loss of which Plaintiff complains in its Original Petition did not occur during the policy period, pursuant to the insurance policy issued by PIIC to Plaintiff.

### *Loss Above the Deductible(s)*

4. PIIC's obligations to pay under the Policy extends, if at all, only to a covered loss that exceeds the applicable Policy deductible(s) and satisfies the coinsurance requirement. If there is an obligation to pay, it applies only to the amount of covered loss, if any, that exceeds the applicable deductible(s) following application of any coinsurance penalty.

5. Discovery in this matter is ongoing, and PIIC reserves the right to assert that Plaintiff has failed to satisfy other conditions precedent to the recovery it seeks in this lawsuit.

## III.
## AFFIRMATIVE DEFENSES

6. The following defenses are based on information presently known. PIIC reserves the right to amend this Answer to include additional defenses based on subsequent information. By alleging the defenses below, PIIC does not admit that it bears the burden of proof or persuasion as to any issue or element. Subject to the foregoing, PIIC alleges the following affirmative defenses to the allegations contained in Plaintiff's Original Petition:

### *Failure to Comply with Conditions Precedent*

7. Plaintiff has failed to comply with the Policy's conditions precedent as required for coverage under the Policy.

### *Failure to State a Claim*

8. Plaintiff's claims are barred, in whole or in part, on the basis that Plaintiff's Original Petition fails to state a claim against PIIC upon which relief can be granted.

### *Failure to Mitigate*

9. Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff failed to take all reasonable steps to mitigate, minimize, or avoid damages allegedly sustained and/or to protect the property from further damage. Plaintiff's recovery under the Policy and the law, if any, must be offset and reduced accordingly.

### *Policy Terms*

10. Plaintiff's claims are subject to all of the terms, conditions, limitations, exclusions, limits and sublimits, waiting periods, deductibles, and coinsurance provisions set forth in the Policy.

### *Coverage During the Policy Period*

11. Plaintiff's claims are barred, in whole or in part, to the extent the physical loss claimed by Plaintiff did not occur during the Policy period as required by the Policy.

### *Covered Losses*

12. Plaintiff's claims are barred, in whole or in part, to the extent the physical loss claimed by Plaintiff was not caused by or did not result from a covered cause of loss or was caused by an excluded cause of loss.

### *Plaintiff's Negligence*

13. Plaintiff's claims are barred, in whole or in part, by Plaintiff's neglect to use all reasonable means to protect and preserve property at and after the time of loss.

### *Failure to Allocate Damages*

14. Plaintiff's claims are barred to the extent that Plaintiff has failed to allocate its alleged damages between losses caused by a covered cause of loss and those caused by non-covered losses, such as those caused by excluded causes of loss under the insurance policy or losses that occurred outside the applicable policy period.

### *Failure to Protect Property*

15. Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to protect the property from further damage. Plaintiff's recovery under the Policy and Texas law, if any, must be offset and reduced accordingly.

### *Policy Exclusions & Limitations*

16. Plaintiff's claims are barred, in whole or in part, by the following exclusions and limitations contained in the Policy:

**CASUES OF LOSS FORM**

**B. Exclusions**

\*\*\*

**2.** We will not pay for **"loss"** caused by or resulting from any of the following:

\*\*\*

**d. (1)** Wear and tear;

**(2)** Rust, corrosion, fungus, decay, deterioration, spoilage, contamination, hidden or latent defect or any quality in property that causes it to damage or destroy itself;

***

**(4)** Settling, cracking, shrinking or expansion;

***

3. We will not pay for **"loss"** caused by or resulting from any of the following. But if **"loss"** by a Covered Cause of Loss results, we will pay for that resulting **"loss."**

***

**(c)** Faulty inadequate or defective:

**(1)** Planning, zoning, development, surveying, siting;

**(2)** Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

**(3)** Materials used in repair, construction, renovation or remodeling; or

**(4)** Maintenance;

Of part of all of any property on or off the described premises.

***

**C. Limitations**

1. We will not pay for **"loss"** to:

***

**c.** The interior of any **"buildings"**, or to any personal property in **"buildings"**, caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless:

(1) The **"buildings"** first sustain damage by a Covered Cause of Loss to their roof or walls through which the rain, snow, sleet, ice, sand or dust enters; or

(2) The **"loss"** is caused by or results from thawing of snow, sleet or ice on the **"buildings"**.

***

*Continuous or Repeated Water Damage Exclusion*

17. Plaintiff's claims are barred, in whole or in part, by the following Continuous or Repeated Water Damage Exclusion endorsement contained in the endorsed Policy, which reads in pertinent part as follows:

**CONTINOUS OR REPEATED WATER DAMAGE EXCLUSION**

\*\*\*

We will not pay for **"loss"**, damage, or other claim caused in whole or in part, by or resulting from:

**a.** continuous or repeated exposure, seepage, leakage or inundation of water; or

**b.** the presence or condensation of humidity, moisture or vapor;

that occurs or is present over a period of 30 days or more. Such **"loss"**, damage or other claim is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the **"loss"**, damage or other claim.

\*\*\*

*Appraisal Provision*

18. Plaintiff's claims are subject to the appraisal provision of the Policy, which applies in the event of any disagreement as to the amount of loss. PIIC specifically reserves its rights to demand appraisal, if warranted, under the appraisal provision of the Policy.

*Policy Conditions*

19. Plaintiff's claims are subject to the following conditions for Duties in the Event of Loss and the Coinsurance provision contained in the Policy:

**PROPERTY COVERAGE FORM**

\*\*\*

**E. Loss Conditions**

\*\*\*

    **3. Duties in the Event of Loss**

        a. You must see that following are done in the of **"loss"** to Covered Property:

***

        (2) Give us prompt notice of the **"loss."** Include a description of the property involved.

        (3) As soon as possible, give us a description of how, when and where the **"loss"** occurred.

        (4) Take all reasonable steps to protect the Covered Property from further damage by any of the Covered Causes of Loss. If feasible, set the damaged property aside and in the best possible order for examination. Also keep a record of your expenses for emergency and temporary repairs, for consideration in the settlement of the claim. This will not increase the Limit of Insurance.

        (5) At our request, give us complete inventories of the damaged and undamaged property, including quantities, costs, values and amount of **"loss"** claimed.

        (6) As often as may be reasonably required, permit us to inspect the property and records proving the **"loss"**.

        Also permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.

***

        (10) Cooperate with us in the investigation or settlement of the claim.

***

    **F. General Conditions**

    The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions.

      **1. Coinsurance**

        If a Coinsurance percentage is shown in the Premium Property Program Declarations, the following condition applies.

      a. We will not pay the full amount of any **"loss"** if the value of Covered Property (except property in transit and Business Personal Property of others in your care, custody or control) at the time of **"loss"** times the Coinsurance percentage shown in the Declarations is greater than the Limit of Insurance for that property.

\*\*\*

### Bona Fide Controversy

20. A bona fide controversy exists concerning the extent of Plaintiff's entitlement to benefits under the Policy. PIIC and/or its employees, agents, representatives, and adjusters are entitled to value claims differently from Plaintiff without facing extra-contractual liability. PIIC would show that a bona fide controversy exists regarding: (i) the existence and/or scope of any covered loss or damage; (ii) whether and to what extent any asserted loss or damage was the result of a covered occurrence or occurrences; and (iii) the reasonable and necessary measures to repair or replace any covered loss or damage.

### Payment / Offset / Credit

21. Plaintiff's claim is reduced by the amount of the applicable deductible(s), coinsurance penalty, and any prior payment for its insurance claim. PIIC is entitled to an offset or credit in the total amount of Plaintiff's deductible(s) and any prior payments.

### Excessive Demand

22. Plaintiff's claim for attorney's fees is barred, in whole or in part, by the doctrine of excessive demand.

### Limitation of Punitive / Exemplary Damages

23. PIIC denies any liability to Plaintiff for alleged extracontractual damages. Pleading in the alternative, PIIC pleads that any award to Plaintiff of exemplary, additional, treble or punitive damages or penalties is limited pursuant to Texas Civil Practice & Remedies Code Ann.

Chapter 41 and Texas Insurance Code sections 541.152 and 542.060. Under the facts of this case, however, an award of exemplary, additional, treble or punitive damages or penalties consistent with the maximum awards permitted under these statutes would violate PIIC's state and federal constitutional rights. PIIC affirmatively pleads that an award of exemplary, additional, treble or punitive damages or penalties would violate the due process and equal protection clauses of the United States and Texas Constitutions. PIIC affirmatively pleads that an award of exemplary, additional, treble or punitive damages or penalties would be both arbitrary and excessive in that (1) Texas procedure lacks adequate safeguards in violation of the due process clauses of the United States and Texas Constitutions, and (2) PIIC would not be afforded equal protection against extracontractual damages that would be limited or capped for others.

24. As a specific defense, PIIC asserts that Plaintiff's claims for exemplary or punitive damages, if any, cannot be sustained pursuant to Texas law regarding the standards for determining liability for and the amount of punitive damages. The imposition of punitive damages in this case would be fundamentally unfair and would violate the Constitution of the United States and the Constitution of the State of Texas in one or more of the following respects:

    a) Due process requires proof of punitive damages by a standard greater than the "preponderance of the evidence" standard. Due process requires proof of such claims by at least clear and convincing evidence standard of proof.

    b) The assessment of punitive damages, a remedy that is essentially criminal in nature without safeguards greater than that afforded by Texas Civil Procedure and the civil law, constitutes infliction of a criminal penalty without the safeguards guaranteed by the Fifth, Sixth, and Fourteenth Amendments of the Constitution of the United

States, the Eighth Amendment to the Constitution of the United States, and Article I, §§ 13 and 19 of the Constitution of the State of Texas.

25. PIIC further reserves the right to assert additional affirmative defenses as this litigation proceeds.

## IV.
## RESERVATION OF RIGHTS

26. By appearing and answering herein, PIIC does not waive, and expressly reserves, all rights and defenses PIIC may have (or that may arise) under the Policy and/or applicable law, including the right to demand appraisal. Nothing herein shall constitute or be deemed a waiver of, or an estoppel to assert, any of the rights and defenses PIIC may have (or that may arise) under the Policy and/or applicable law.

## V.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Philadelphia Indemnity Insurance Company prays that upon final judgment: (a) all relief requested by Plaintiff be denied; (b) all costs be taxed against Plaintiff; and (c) for such other and further relief to which PIIC may be justly entitled, whether at law or in equity.

*(Space intentionally left blank)*
*(Signatures on next page)*

                                          Respectfully submitted,

                                          **ZELLE LLP**

                                          By: */s/ Brandt R. Johnson*
                                                Steven J. Badger
                                                Texas Bar No. 01499050
                                                sbadger@zellelaw.com
                                                Brandt R. Johnson
                                                Texas Bar No. 00794030
                                                bjohnson@zellelaw.com
                                                William Scott Keffer
                                                Texas Bar No. 24114753
                                                skeffer@zellelaw.com

                                          901 Main Street, Suite 4000
                                          Dallas, TX 75202-3975
                                          Telephone:    214-742-3000
                                          Facsimile:     214-760-8994

                                          **ATTORNEYS FOR DEFENDANT**
                                          **PHILADELPHIA INDEMNITY**
                                          **INSURANCE COMPANY**

## **CERTIFICATE OF SERVICE**

      A true and correct copy of the foregoing has been served on all counsel of record in accordance with the TEXAS RULES OF CIVIL PROCEDURE on February 27, 2026:

    Erik Walker
    Texas Bar No. 00792104
    Erik.Walker@thelawgicakfirm.com
    Brandon Arrow
    Texas Bar No. 24120435
    Brandon.Arrow@thelawgicakfirm.com
    **THE LAWGICAL FIRM, P.A.**
    504 W. 38th Street
    Austin, TX 78705
    Telephone:    832-871-5995
    Facsimile:     407-487-4441
    ServiceTX@thelawgicalfirm.com

    **ATTORNEYS FOR PLAINTIFF**
    **THE PRINCIPRIN SCHOOL, INC.**

                                              */s/ Brandt R. Johnson*
                                              Brandt R. Johnson

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Brandt Johnson on behalf of Brandt Johnson
Bar No. 794030
bjohnson@zellelaw.com
Envelope ID: 111819918
Filing Code Description: Answer/ Response / Waiver
Filing Description: Defendant's Original Answer and Affirmative Defenses to Plaintiff's Original Petition
Status as of 2/27/2026 4:05 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Glenda Smith | | gsmith@zellelaw.com | 2/27/2026 2:22:16 PM | SENT |
| Steven Badger | | sbadger@zellelaw.com | 2/27/2026 2:22:16 PM | SENT |
| Brandt Johnson | | bjohnson@zellelaw.com | 2/27/2026 2:22:16 PM | SENT |
| Sherri Capell | | scapell@zellelaw.com | 2/27/2026 2:22:16 PM | SENT |
| William ScottKeffer | | skeffer@zellelaw.com | 2/27/2026 2:22:16 PM | SENT |
| Mary Cornell | | mcornell@zellelaw.com | 2/27/2026 2:22:16 PM | SENT |
| Erik Walker | | servicetx@thelawgicalfirm.com | 2/27/2026 2:22:16 PM | SENT |